IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TROY LEE PERKINS, # 1480826,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:14-CV-4366-B-BK |
| § | | |
| **WILLIAMS STEPHENS, Director** § | | |
| **TDCJ-CID,** § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was automatically referred to the magistrate judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.[1]

### I.  BACKGROUND

Petitioner was convicted of four aggravated robbery charges and sentenced to 12 years' imprisonment. *See State v. Perkins*, Nos. F07-00645, F07-71769, F07-71970, F07-71990 (282nd Judicial District Court 2008). Petitioner did not appeal. Later, he unsuccessfully challenged his convictions in state and federal habeas proceedings. *See Perkins v. Thaler*, No. 3:10-CV-0329-N (N.D. Tex. Aug. 9, 2011) (dismissing federal habeas petition as barred by the limitations period); *Perkins v. Stephens*, No. 3:13-cv-04615-B-BH (N.D. Tex. May 2014) (transferring successive petition to the court of appeals); *In re Perkins*, No. 14-10001(5th Cir. Apr. 15, 2014) (denying

---

[1] This action was initially filed in the United States District Court for the Western District of Texas and transferred to this Court. [Doc. 3]. Although Petitioner did not pay the requisite filing fee or submit a motion to proceed *in forma pauperis*, it is more efficient to transfer the petition to the Court of Appeals than to require compliance with this Court's filing requirements.

leave to file successive petition and warning that future filings of repetitive or frivolous motions for authorization will invite the imposition of sanctions).

In this action, Petitioner again seeks to challenge his convictions based on the ineffective assistance of counsel and the trial court's failure to follow its rules. [Doc. 1 at 2, 6-7].

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Petitioner must

obtain such an order before he can file a successive application challenging his conviction, his section 2254 petition should be dismissed without prejudice for want of jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  See 28 U.S.C. § 2244(b)(3).

SIGNED December 16, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE